**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5893

JEROME STILLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CR-95-27)

Submitted: February 27, 1997

Decided: March 12, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, J. Frank Bradsher, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerome Stilley pled guilty to a one-count indictment charging him with conspiracy to possess cocaine base ("crack") with intent to distribute on March 16 and March 17, 1995. He appeals his 210-month sentence contesting the district court's finding that the drug transactions Stilley conducted between 1992 and 1994 were part of the same course of conduct. We affirm.

The charged offense involved 379.3 grams of crack and 262.2 grams of powder cocaine which Craig Hollinsworth was transporting from New York to Stilley's home in North Carolina when he was arrested in March 1995. After his own arrest, Stilley admitted buying crack from Hollinsworth and from "JJ," a source in Miami, on other occasions. Investigators then interviewed two previously convicted drug dealers from Stilley's small rural community, Sylvanus Little and Monroe Latham, Jr. Both Little and Latham described numerous crack transactions with Stilley which occurred in the two years before their arrests in 1994 and January 1995, respectively. Little also revealed that Stilley bought powder cocaine and crack from sources in Durham and Washington, North Carolina, and in New Jersey, and cooked the powder into crack in a trailer on his property.

In drug offenses, relevant conduct includes other offenses which are part of the same course of conduct, that is, offenses which "are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2), comment. (n.9(B)) (Nov. 1995). Factors to be considered are the degree of similarity between the offenses, the regularity of the offenses, and the time interval between the offenses. United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992). Here, the district court did not clearly state the basis for its decision to include the earlier transactions as relevant conduct. However, we conclude that a preponderance of the evidence supports the court's decision. The evidence disclosed that Stilley bought and sold crack regularly for several years to augment his income. This meets the test set out in Mullins. The district court did not err in finding that the

2

prior transactions were part of the same course of conduct as the limited conspiracy of which he was convicted. Cf. United States v. Cook, 76 F.3d 596, 605 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3293 (U.S. Oct. 15, 1996) (No. 96-5822) (affirming where evidence supports relevant conduct finding though finding not entirely clear).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED